IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| **JOEL DUDLEY,** individually and on behalf of all others similarly situated, | § § § | |
| **Plaintiff,** | § § | |
| v. | § § | Civil Action No. 1:19-cv-984 |
| **DIRECTIONAL PROJECT SUPPORT, INC.,** and **WILLIAM GARDNER,** Individually | § § § § | **CLASS ACTION COMPLAINT** **JURY DEMANDED** |
| **Defendants.** | § § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Joel Dudley, individually and on behalf of all others similarly situated files this Original Complaint, and states:

### I.   SUMMARY

1. Plaintiff Joel Dudley brings this class action individually and on behalf of a proposed Rule 23 Class Members to recover overtime compensation from their former employers Directional Project Support, Inc. and William Gardner (collectively, "Defendants").

2. Defendants have been involved in the business of providing oilfield services in New Mexico and numerous other states over the last three years. Defendants employ workers to help perform non-exempt oilfield services ("Oilfield Workers"), but fail to provide them proper overtime pay. Plaintiffs file this class action lawsuit pursuant to the FLSA and New Mexico Minimum Wage Act, N.M. Stat. Ann. § 50-4-22(D) ("NM Wage Law").

### II.   PARTIES

3. Plaintiff Dudley ("Plaintiff") is an individual and his Consent to proceed in this action is attached as "Exhibit A."

4. The Plaintiff and "Rule 23 Class Members" are Defendants' current and former frontline workers who were paid on a day rate basis and were known as Welding Inspectors, Safety Inspectors, or who performed similar duties but were referred to by distinct titles ("Inspectors").

5. Defendant Directional Project Support, Inc. ("DPS") does business in this District and can be served with process through its registered agent, John Roger Cox, who may be served at 1790 Hughes Landing Blvd., Suite 400, The Woodlands, TX 77380-3534 USA or wherever he may be found.

6. Defendant William Gardner ("Gardner") is an individual who may be served at 33311 LOIS LANE, STE A MAGNOLIA, TX, 77354 or wherever he may be found.

### III. JURISDICTION AND VENUE

7. This Court has jurisdiction over the claims because Plaintiffs have asserted a claim arising under federal law and specifically the FLSA.

8. This Court has supplemental jurisdiction over the New Mexico claims pursuant to 28 U.S.C § 1367.

9. Venue is proper in this District because the events forming the basis of the suit occurred in this District and one or more of the Parties resides in this District.

### IV. COVERAGE

10. At all material times, Defendants have acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff and the Rule 23 Class Members.

11. At all times hereinafter mentioned, Defendants have been an employer or joint employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

12. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r). At all times hereinafter mentioned,

Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

## V.    FACTUAL ALLEGATIONS

13. Defendant DPS is a horizontal directional drilling business and does business throughout New Mexico and the United States.  Defendants earn over $500,000.00 per year in gross sales.

14. Defendant Gardner holds himself out as the President of DPS in which capacity he has controlled the day-to-day operations of Defendant DPS. Specifically, during this time period, Gardner (1) had the power to hire and fire Plaintiff and the Class Members; (2) controlled the amount Plaintiff and the Class Members were to be paid for each hour of work; and (3) regularly controlled and established company rules for Plaintiff and the Class Members.

15. Plaintiff specifically was referred to as an "Inspector" for Defendants during the three years prior to the filing of this lawsuit, occupied this position for a period of several consecutive years, and through 2018.

16. In this capacity, Plaintiff was one of Defendants' numerous frontline field employees, primarily performed manual labor tasks, including in and around Defendants' job sites outside in various oilfields. Plaintiff performed non-discretionary tasks as he was assigned and instructed at regular meetings.

17. Plaintiff routinely worked over 40 hours per week. In fact, he was often required to work in excess of 70 hours in weeks covered by this lawsuit and for Defendants. However, he was not paid overtime for doing so. Defendants knew that Plaintiff worked in excess of 40 hours per week and they allowed and directed him to do so.

18. Plaintiff is entitled to receive overtime pay for all hours worked in excess of 40 per work week and lawful minimum wage. Defendants are aware of the FLSA's requirements and chose not to pay Plaintiff lawfully. Defendants received complaints regarding the excessive work hours and lack of overtime pay and have faced multiple lawsuits regarding their wage and hour practices but have failed to rectify or account for these damages. Defendants willfully treated Plaintiff as exempt from the FLSA and refused to pay him overtime pay and in accordance with the law.

## VI.   CLASS ACTION ALLEGATIONS

19. Plaintiffs incorporate all allegations previously made in this Complaint.

20. Plaintiffs bring their class action on behalf of the respective NM Class Members.

21. The NM Class Members are so numerous that their joinder is impracticable. While the precise number of the NM Class Members is unknown, 300 or more Oilfield Workers worked at least one workweek of more than 40 hours in or out of New Mexico for Defendants over the past three years.

22. Common questions of law and fact for the NM Class Members predominate over any questions affecting any individual member, including:

   a. Whether Defendants violated NM Wage Law by failing to pay the respective NM Class Members overtime compensation at a rate of time-and-one-half for all hours worked in excess of forty in an individual workweek;

   b. The proper measure of damages sustained by the respective NM Class Members;

   c. Whether Defendants should be enjoined for such violations in the future.

23. Plaintiff's claims are typical of those of the Rule 23 Class Members. He and each of the other eligible Rule 23 Class Members: (1) were responsible for performing oilfield service work; (2) worked over 40 hours in at least one workweek in or out of New Mexico over the last three years; (3) were not paid overtime at the proper rate for all overtime hours worked; and (4) were denied overtime at a rate of one-and-one half times their regular rates of pay for all of their overtime work.

24. Plaintiff will fairly and adequately protect the respective Rule 23 Class Members' interests and have retained counsel experienced in complex wage and hour class action litigation.

25. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(2) because Defendants acted or refused to act on grounds generally applicable to the Rule 23 Class Members, making final injunctive and/or declaratory relief appropriate to the Rule 23 Class Members as a whole.

26. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because (1) questions or law or fact predominate over any questions affecting individual class members; and (2) a class action is superior to other methods to ensure a fair and efficient adjudication of this controversy because—in the context of wage and hour litigation—individuals lack the financial resources to vigorously prosecute lawsuits against large corporate defendants. Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to Defendants' policies and practices. No apparent difficulties exist in managing this class action. Plaintiffs intends to send notice to the proposed Rule 23 NM Class Members to the extent required by Fed. R. Civ. 23(c).

## VII.  CAUSE OF ACTION:  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

27.  During the relevant period, Defendants violated and are violating the provisions of Sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206-7, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed or by failing to pay minimum wages to such employees.  Defendants acted willfully in failing to pay Plaintiff and the Class Members in accordance with the law.

## VIII.  COUNT II: VIOLATION OF NM WAGE LAW

28.  Plaintiffs and the NM Class Members are entitled to unpaid overtime in an amount equal to one-and-one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek pursuant to the formula outlined in N.M. Stat. Ann. § 50-4-22(D). During the relevant time period, Defendants violated and continue to violate NM Wage Law by employing employees and regularly and repeatedly failing to pay employees for all hours worked and pay overtime wages at a rate of at least one-and-a-half times their regular rates of pay.  As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs and the NM Class Members have suffered and will continue to suffer from a loss of income and other damages. Plaintiffs and the NM Class Members are entitled to their unpaid wages, an amount equal to twice their unpaid wages, prejudgment interest, all costs in bringing this action, and all attorneys' fees accrued that are recoverable under NM Wage Law.

## IX.    RELIEF SOUGHT

29.    WHEREFORE, Plaintiff, on behalf of himself prays for relief against Defendants as follows in regards to his FLSA claims:

a.    For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

b.    For an Order awarding Plaintiff the costs of this action;

c.    For an Order awarding Plaintiff attorneys' fees;

d.    For an Order awarding Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law; and

e.    For an Order granting such other and further relief as may be necessary and appropriate.

30.    WHEREFORE, Plaintiff, individually and on behalf of the Rule 23 Class Members, pray for relief against Defendants as follows in regards to their class action complaint:

a.    For an Order Certifying the State Wage Law claims as Class Actions pursuant to Fed. R. Civ. P. 23, for designation of Plaintiff as Class Representatives under NM Wage Law, and for designation of Plaintiff's counsel as class counsel;

b.    For Judgment that Defendants violated NM Wage Law by failing to pay Plaintiffs and the NM Class Members overtime compensation;

c.    For an Order awarding Plaintiff and the NM Class Members all unpaid overtime compensations, an amount equal to twice their unpaid wages as

liquidated damages, prejudgment interest and all available penalty wages under Wage Law;

        d.     For all costs and attorneys' fees incurred prosecuting this claim, as allowed by law; and

        e.     For an Order granting such other and further relief as may be necessary and appropriate.

        Respectfully submitted,

/s/ *J. FORESTER*_____
Jay Forester, Texas Bar No. 24087532
**FORESTER HAYNIE PLLC**
400 N. St. Paul Street, Suite 700
Dallas, Texas 75201
(214) 210-2100 phone
(214) 346-5909 fax
Email: jay@foresterhaynie.com

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document will be served on Defendants with the summons for this lawsuit.

/s/ J Forester_____
**Jay Forester**